UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KIMBERLY BARR,**

      **Plaintiff,**

v.                                      Case No:   6:17-cv-1826-Orl-41GJK

**OCEANSIDE GOLF AND COUNTRY CLUB, INC.,**

      **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANT'S CONSOLIDATED DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO QUANTIFY ATTORNEYS' FEE AWARD (Doc. No. 22)
>
> **FILED:** March 23, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND.

On January 22, 2018, Defendant filed a Motion to Compel Plaintiff's Discovery Responses and Initial Disclosures (the "Motion to Compel"). Doc. No. 18. The Motion to Compel was based on Plaintiff's failure to produce mandatory initial disclosures pursuant to Federal Rule of Civil Procedure 26 and to serve responses to Defendant's discovery requests. *Id.* Plaintiff did not file a response to the Motion to Compel.[1]

---

[1] On February 15, 2018, the Court granted Plaintiff's former attorney's motion to withdraw and advised Plaintiff that

On March 2, 2018, the Court granted the Motion to Compel (the "Order"). Doc. No. 21. Plaintiff was ordered to provide the requested discovery on or before March 16, 2018. *Id.* at 3. The Court also awarded Defendant its attorney's fees and costs under Federal Rule of Civil Procedure 37 incurred in bringing the Motion to Compel. *Id.* at 2. The parties were ordered to confer "in a good faith effort to agree on the amount of attorney's fees and costs awarded pursuant to this Order . . . ." *Id.* at 3. If the parties were unable to agree, then Defendant was permitted to file a motion to quantify the fees and costs. *Id.* Finally, the Court issued the following warning to Plaintiff: "Plaintiff is cautioned that failure to comply with this order may result in sanctions, including dismissal of her complaint." *Id.*

On March 23, 2018, Defendant filed "Defendant's Consolidated Dispositive Motion to Dismiss Plaintiff's Complaint and Motion to Quantify Attorneys' Fee Award" (the "Motion"). Doc. No. 22. Defendant asserts that Plaintiff failed to comply with the Order in any respect. *Id.* She did not produce the discovery, and despite Defendant's counsel's numerous attempts to contact her, she did not respond to the email and telephone calls. *Id.* at ¶¶ 3, 4. Defendant thus asks the Court to dismiss the Complaint with prejudice for Plaintiff's failure to prosecute this case and comply with the Order and to quantify the amount of attorney's fees it was awarded under the Order at $666.50. *Id.* at 5. Plaintiff did not file a response to the Motion.

## II.     ANALYSIS.

### A.     Motion to Dismiss

It is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a

---

she would be proceeding pro se until she retained substitute counsel. Doc. No. 20 at 2. Although the Court's order was mailed by regular and certified mail to the address Plaintiff's former counsel provided to the Court for Plaintiff, both the regular and certified mail were returned as undeliverable/unable to forward. Docket entry dated February 26, 2018.

court order. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972);[2] *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting dismissal as a sanction for failure to comply with a court order); Fed. R. Civ. P. 41(b) (stating that a dismissal is permissible "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"). Dismissal of a case with prejudice is considered "a sanction of last resort, applicable only in extreme circumstances." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam) (internal quotation marks omitted). A district court may only properly impose dismissal with prejudice when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation marks omitted).

Plaintiff has engaged in a clear pattern of delay. This case was removed to this Court on October 23, 2017. Doc. No. 1. Despite being granted an extension of time until January 19, 2018, to serve responses to Defendant's discovery requests, Plaintiff failed to do so. Doc. No. 18 at 2. Although Plaintiff was represented by counsel until February 15, 2018, she was notified that she would be proceeding pro se and "subject to the same law and rules of court as litigants who are represented by counsel." Doc. No. 20 at 2. Plaintiff did not comply with the Order compelling discovery and conferring with Defendant's counsel regarding the amount of attorney's fees to be awarded. Doc. No. 22. Due to Plaintiff's lack of compliance with discovery requests and the Order, this case has not progressed in the seven months since it was filed in this Court.

The case should be dismissed with prejudice as no lesser sanction would suffice. The Court ordered Plaintiff to "keep the Court and opposing counsel apprised of her current residential

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

mailing address" and to "immediately provide the Clerk, the Court, and opposing counsel with a new residential mailing address where she may be served with process, pleadings, motions, responses, or other papers in this case" if her address changed. Doc. No. 20 at 2. Despite this, mail sent to Plaintiff's address has been returned as undeliverable. Plaintiff failed to respond to Defendant's motions and this Court's Order. There is no assurance that Plaintiff would respond to or comply with a lesser sanction than dismissal with prejudice. Additionally, Plaintiff was forewarned in the Order that failure to comply may result in dismissal of the Complaint. Doc. No. 21 at 3. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Dismissal is thus proper under Rule 37(b)(2)(A)(v) and Rule 41(b).

### B.    Motion to Quantify Award of Attorney's Fees

In the Order, the Court determined that Defendant was entitled to its attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A) for having to file the Motion to Compel. In support of its request of an award of $666.50, Defendant filed the declaration of its counsel Benjamin D. Sharkey (the "Declaration") and its counsel's detailed time records. Sharkey declares that Defendant was charged $275 per hour for his time and $235 per hour for associate attorney Brian L. Hayden's time in preparing the Motion to Compel.[3] Doc. No. 22-1 at ¶¶ 7, 10. Sharkey spent .8 hours and Hayden spent 1.9 hours preparing the Motion to Compel. *Id.* at ¶ 10. Defendant's counsel's hourly rate and the hours expended in preparing the Motion to Compel are reasonable.

---

[3] Sharkey represents that Defendant received a discounted rate. Doc. No. 22-1 at ¶ 9.

### III.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 22) be **GRANTED**;

2. Defendant be awarded attorney's fees of $666.50;

3. The case be **DISMISSED WITH PREJUDICE**; and

4. The Clerk be directed to close the case.

5. **The Clerk is directed to send a copy of this report and recommendation to Plaintiff via certified and regular mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on June 21, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy